**AFFIRMED and Opinion Filed November 15, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01026-CV

## IN RE ESTATE OF GARY WAYNE LUNA

**On Appeal from the Probate Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. PR-15-02365-1**

## MEMORANDUM OPINION
Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Francis

Alison Luna appeals the probate court's Judgment Declaring Heirship in which the court held Gary Wayne Luna was not married at the time of his death and his sole heirs are his two daughters. In a single issue, Alison contends the court erred in determining she was not an heir to Gary's estate. We affirm the probate court's judgment.

Alison and Gary married on December 16, 2006. In 2014, Gary filed a petition for divorce in the 303rd Judicial District Court. On April 29, 2015, both Alison and Gary appeared at a hearing before the court and announced they had reached a settlement agreement and wished to prove-up the divorce. The terms of the agreement were read into the record, and each party stated they understood and agreed to the terms. Alison further agreed she was asking the court to grant the divorce.

At the conclusion of the hearing, the trial judge stated "based on the testimony presented and the pleadings on file, I approve the agreement of the parties and render judgment according to

the agreement and I've granted the divorce." The judge then asked who was going to prepare the decree. After Gary's attorney volunteered to draft the order, the judge stated that, pursuant to local rule 8.02, the case would be set on the dismissal docket for May 29, 2015 and would be dismissed unless an order or motion for entry was filed before that date. No order or motion for entry of judgment was filed on or before May 29, but the case was not dismissed. Gary passed away on June 10. Two days later, the district court signed a written divorce decree.

Alison filed motions for new trial and for dismissal contending the district court had no jurisdiction to render a judgment of divorce after Gary's death. Alison argued the court's oral pronouncement of divorce was not final because it was made contingent upon the filing of a written order by May 29, which was not done, and the court had no power to grant the divorce after Gary died. The district court denied both motions on September 22, 2015, stating its oral rendition of judgment on April 29 was final and the local rule and admonishments of dismissal were intended "as an administrative aid to the court to insure timely disposition of cases after oral judgment is pronounced."

On November 4, Alison recorded a deed of trust in Dallas County placing a lien on Gary's residence for attorney's fees in the amount of $13,957.50. Ellen Bennett, the court appointed temporary administrator of Gary's estate, filed an application to determine heirship and an emergency motion for authority to bring an action to establish Alison's interest, if any, in Gary's residence.[1] In the motion, Bennett stated "Alison Luna appears to contend that she is the surviving spouse of the Decedent . . . and uses that belief as a basis for her apparent position that she has some interest in the Residence."

---

[1] Bennett subsequently filed a declaratory judgment action against Alison which is the subject of a companion appeal in this Court (No. 05-16-00878-CV).

On August 10, 2016, the probate court held a hearing to determine heirship. Without objection, the court took judicial notice of Gary and Alison's agreed final decree of divorce, the transcript of the April 29, 2015 prove-up proceeding, and the local rules of 303rd Judicial District Court. Based on the evidence and testimony introduced, the court determined Gary was not married at the time of his death and his two daughters were his only heirs. Alison brings this appeal challenging that determination.

In a single issue, Alison contends the court erred in concluding she was not an heir to Gary's estate because the district court's oral pronouncement of divorce was insufficient to be a final judgment and the court had no jurisdiction to render a judgment of divorce after Gary's death. First, we note that Alison did not appeal either the divorce decree or the district court's orders denying her post-judgment motions raising these same arguments. Second, this issue has been addressed by this Court in the companion appeal, *Luna v. Bennett*, and determined to be without merit. *See Luna v. Bennett*, No. 05-16-00878-CV, slip op. at 6 (Tex. App.—Dallas November 15, 2018, no pet. h.). For the reasons set forth in our opinion in the companion appeal, we likewise resolve Alison's sole issue in this case against her.

We affirm the probate court's Judgment Declaring Heirship.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

161026F.P05

–3–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN RE ESTATE OF
GARY WAYNE LUNA

No. 05-16-01026-CV

On Appeal from the Probate Court No. 1,
Dallas County, Texas
Trial Court Cause No. PR-15-02365-1.
Opinion delivered by Justice Francis.
Justices Bridges and Lang-Miers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee J. ELLEN BENNETT, TEMPORARY
ADMINISTRATOR OF THE ESTATE OF GARY WAYNE LUNA, recover her costs of this
appeal from appellant ALISON LUNA.

Judgment entered November 15, 2018.